**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**David RHOADS, Appellant.**

Superior Court of Pennsylvania.

Submitted May 5, 2003.
Filed Nov. 10, 2003.

Jerry J. Russo, Harrisburg, for appellant.

Jennifer Gettle, Asst. Dist. Atty., Lebanon, for Com., appellee.

Before: ORIE MELVIN, TODD and TAMILIA, JJ.

TAMILIA, J.

¶ 1 David Rhoads appeals from the judgment of sentence of three and a half (3½) to ten (10) years incarceration imposed following his guilty plea to two (2) counts

of aggravated indecent assault,[1] one (1) count of sexual assault[2] and two (2) counts of indecent assault.[3] On appeal, appellant seeks relief from the imposition of the lifetime registration requirement under the latest version of the Registration of Sexual Offenders Act, commonly known as Megan's Law II,[4] by mounting multiple constitutional challenges against the Act. We affirm.

¶ 2 The relevant facts of this case may be summarized as follows. In October and November of 2000, appellant was arrested and charged with multiple counts of aggravated indecent assault, sexual assault and indecent assault. On April 26, 2001, appellant pled guilty to the above enumerated offenses. Prior to sentencing, appellant was ordered to undergo an assessment by the Pennsylvania Sexual Offender's Assessment Board. Following its completion, on August 14, 2002, a hearing was held to determine whether appellant should be classified as a sexually violent predator in accordance with Megan's Law II. Thereafter, the court declared appellant to be a sexually violent predator. Subsequently, on August 28, 2002, appellant was sentenced to 3½ to 10 years incarceration and ordered to comply with all applicable provisions of Megan's Law II for life. This timely appeal followed.

¶ 3 On appeal, appellant raises multiple issues regarding the constitutionality of Megan's Law II premised on a threshold assumption that the registration, notification and counseling requirements[5] found in Megan Law II are punitive in nature

and, therefore, the Act unlawfully deprives one's liberty and constitutional guarantees without entitling such individual to the full panoply of constitutional safeguards. *See* Appellant's brief at 5–6. Furthermore, appellant challenges the constitutionality of Megan's Law II on the grounds that (i) the "sexually violent predator" provisions of Megan's Law are void for vagueness, (ii) the Act violates the doctrine of separation of powers under Article V, §§ 1, 2 and 10(c) of the Pennsylvania Constitution[6] and (iii) the General Assembly violated Article III, § 3, Form of bills of our Constitution in enacting Megan Law II in that the enacted bill improperly contained more than one subject. *See id.* at 6.

¶ 4 Our analysis begins with the strong presumption of constitutionality and the heavy burden of persuasion upon one who challenges the constitutionality of an act of the General Assembly. *Commonwealth v. Barud*, 545 Pa. 297, 681 A.2d 162 (1996). As such, legislation will not be declared unconstitutional unless it "clearly, palpably and plainly" violates the constitution. *Id.* Upon review, we find no relief is due.

¶ 5 On September 25, 2003, our Supreme Court rendered its decision in the case of *Commonwealth v. Williams*, —— Pa. ——, 832 A.2d 962 (2003), an appeal challenging Megan's Law II. The central issue in *Williams* was whether the registration, notification, and counseling provisions of the Act, applicable to persons deemed sexually violent predators, consti-

---

1.  18 Pa.C.S.A. § 3125.

2.  *Id.* at § 3124.1.

3.  *Id.* at § 3126.

4.  42 Pa.C.S.A. §§ 9791 *et seq.*

5.  42 Pa.C.S.A. § 9795.1, **Registration;** 42 Pa. C.S.A. § 9798, **Other notification;** and 42 Pa.

C.S.A. § 9799.4, **Counseling of sexually violent predators.**

6.  Const. Art. V., § 1 **Unified judicial system;** Const. Art. V., § 2 **Supreme Court;** Const. Art. V., § 10 **Judicial administration,** respectively.

tute criminal punishment. Applying the United States Supreme Court's traditional two-level inquiry, our Supreme Court held that the statute's registration, notification and counseling requirements do not constitute criminal punishment. *See id.; see also Smith v. Doe I,* 538 U.S. 84, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003). As the highest court in this jurisdiction clearly has adjudicated this matter, we rely on *Williams* and reject appellant's argument that the registration, notification and counseling requirements of Megan's Law are punitive in nature.

¶ 6 In light of our Supreme Court's holding, we find all of appellant's constitutional challenges, which hinge on the underlying assumption that the registration, notification and counseling provisions of the Act constitute criminal punishment and therefore, individually or collectively, violate one's constitutional rights by imposing an additional punishment without providing due constitutional safeguards, to be without merit.

¶ 7 Turning to the remaining issues concerning the alleged vagueness of the statute, the doctrine of separation of powers and legislation procedures, we find these claims to be without merit.

¶ 8 Initially, appellant contends the definition of "sexually violent predator" (SVP) under the statute is "unconstitutionally vague" and that such vagueness in a statute places insufficient restrictions on the discretion of the authorities who are responsible for its enforcement. As we examine this claim, we remain mindful of the strong presumption of constitutionality enjoyed by all validly enacted legislation, *Commonwealth v. Means,* 565 Pa. 309, 773 A.2d 143 (2001), and reject appellant's argument.

¶ 9 We first note that only individuals convicted of an offense enumerated under 42 Pa.C.S.A. § 9795.1, **Registration,** of the Act are subject to an assessment devised to determine if such individual should be classified as a SVP. *See* 42 Pa.C.S.A. § 9795.4, **Assessments;** *see also* 42 Pa. C.S.A. § 9795.1. To further avoid arbitrary or capricious enforcement of the law, a thorough assessment of such individual is conducted pursuant to 42 Pa.C.S.A. § 9795.4(b), **Assessment** [7] before that individual is adjudicated as a "sexually violent predator". Given the definitive filtering mechanism offered by § 9795.1 in term of clearly defining who is subject to a SVP assessment and the exhaustive determina-

---

7. Section 9795.4(b) of Pennsylvania's Megan's Law states in pertinent part:

   **(b) Assessment.**—Upon receipt from the court of an order for an assessment ... An assessment shall include, but not be limited to, an examination of the following:
   (1) Facts of the current offense, including:
   (i) Whether the offense involved multiple victims.
   (ii) Whether the individual exceeded the means necessary to achieve the offense.
   (iii) The nature of the sexual contact with the victim.
   (iv) Relationship of the individual to the victim.
   (v) Age of the victim.
   (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.
   (vii) The mental capacity of the victim.
   (2) Prior offense history, including:
   (i) The individual's prior criminal record.
   (ii) Whether the individual completed any prior sentences.
   (iii) Whether the individual participated in available programs for sexual offenders.
   (3) Characteristics of the individual, including:
   (i) Age of the individual.
   (ii) Use of illegal drugs by the individual.
   (iii) Any mental illness, mental disability or mental abnormality.
   (iv) Behavioral characteristics that contribute to the individual's conduct.
   (4) Factors that are supported in a sexual offender assessment filed as criteria reasonably related to the risk of reoffense.
   42 Pa.C.S.A. § 9795.4(b).

tive factors utilized in making such an assessment in accordance with § 9795.4, we find the statute is sufficiently clear and specific to withstand appellant's constitutional challenge.

■ ¶ 10 Next, relying on Article 5, §§ 1, 2 and 10(c) of the Pennsylvania Constitution, appellant contends Megan's Law II usurps the Supreme Court's power to "prescribe general rules governing practice, procedure and the conduct of all courts" by implementing or promulgating a "separate criminal proceeding." *See* Const. Art. 5, § 10(c), **Judicial administration**. This argument is without merit. Yet, again, appellant's argument is premised on a mistaken belief that the application of Megan's Law II is tantamount to a separate criminal proceeding where those affected by the Act are subject to additional punishment; to the contrary, Megan's Law II constitutes substantive law and it does not set forth rules governing court practice or procedure.

■ ¶ 11 Lastly, appellant's asserts the legislature violated Article 3, § 3 of our constitution by enacting a bill containing more than one subject. *See* Const. Art. 3, § 3, **Form of bills**. Contrary to appellant's contention, the Registration of Sexual Offenders Act, an act of the General Assembly, initially promulgated by P.L. 1079, No. 24 (Spec.Sess. No. 1), § 1, Oct. 24, 1995, immediately effective, and later amended into the present form by P.L. 74, No. 18, § 3, May 10, 2000, effective in 60 days, addresses only one subject matter or, at worst, addresses several subjects which are all germane to one general subject. See 42 Pa.C.S.A. §§ 9791 *et seq.* As such, we find appellant's remaining claims frivolous.

¶ 12 Judgment of sentence affirmed.