J-S61032-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
:  PENNSYLVANIA
Appellee :
:
v. :
:
LONNIE DALE WINGROVE, JR., :
:
Appellant : No. 641 WDA 2014

Appeal from the Judgment of Sentence Entered April 2, 2014,
In the Court of Common Pleas of Fayette County,
Criminal Division, at No(s): CP-26-CR-0001430-2013

BEFORE: FORD ELLIOTT, P.J.E., WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY: STRASSBURGER, J.: **FILED OCTOBER 8, 2014**

Lonnie Dale Wingrove, Jr., (Appellant), appeals from the judgment of sentence entered following his guilty plea to one count of indecent assault - complainant less than 13 years of age.[1]  After review, we affirm.

In July of 2013, Appellant was arrested and charged with sexually assaulting his paramour's minor daughter in May of that year.  On January 8, 2014, Appellant pled guilty to the above-mentioned offense, graded as a misdemeanor of the first degree.  On April 2, 2014, Appellant was sentenced to a term of two-and-one-half to five years' incarceration.  Additionally, Appellant was designated by the trial court as a sexually violent predator (SVP).  As a result, Appellant was ordered to comply with the lifetime

---

[1] 18 Pa.C.S. § 3126(a)(7).

[*] Retired Senior Judge assigned to the Superior Court.

registration and quarterly reporting requirements of the Sex Offender Registration and Notification Act (SORNA).[2]

Appellant timely filed a motion to reconsider his sentence, which was denied on April 21, 2014. This timely appeal followed. Both the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

On appeal, Appellant argues that the registration and reporting requirements imposed by SORNA are punitive in nature, manifestly excessive, and thus, constitutionally infirm. Appellant's Brief at 8.

Our Courts have considered, and rejected, the issue raised by Appellant multiple times. These prior decisions reason the imposition of the registration and notification requirements does not constitute punishment. ***See, e.g., Commonwealth v. Williams***, 832 A.2d 962, 986 (Pa. 2003) (upholding as non-punitive the registration, notification, and counseling provisions of Megan's Law II); ***Commonwealth v. Rhoads***, 836 A.2d 159 (Pa. Super. 2003) (same). More recently, this Court upheld the constitutionality of SORNA's registration requirements in ***Commonwealth v. Perez***, -- A.3d --, 2014 WL 3339161 (Pa. Super. July 9, 2014).

Appellant has failed to convince us that another constitutional analysis of SORNA should produce a different result. Accordingly, we determine that Appellant is not entitled to relief.

---

[2] 42 Pa.C.S. §§ 9799.10-9799.41.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/8/2014