J-A29037-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
THOMAS M. REED, :
:
Appellant : No. 402 WDA 2014

Appeal from the Order Entered February 12, 2014
in the Court of Common Pleas of Clearfield County,
Criminal Division, at No(s): CP-17-CR-0000894-2000

BEFORE:   FORD ELLIOTT, P.J.E., ALLEN, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED NOVEMBER 24, 2014**

Thomas M. Reed (Appellant) appeals from the order entered February 12, 2014,[1] which denied his motion challenging the constitutionality of the Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10–9799.41 (also known as Megan's Law IV).  We affirm.

The trial court summarized the history of the case as follows.

[Appellant] entered into a plea agreement on January 4, 2002.  Per the plea agreement, [Appellant] confessed his guilt to one count of indecent assault, a misdemeanor of the first degree.  This charge resulted from an alleged assault involving a minor under the age of thirteen.  In addition, [Appellant] entered a guilty plea to four counts of indecent assault, misdemeanors of the second degree.  Two counts stemmed from an incident with a minor who was seventeen years old and two counts were for the assault of a minor who was sixteen years of age.

---

[1] The trial court's opinion and order is dated February 11, 2012, but was not entered on the docket with notice sent to the parties until February 12, 2012.  We have amended the caption accordingly.  **See** Pa.R.A.P. 108(a).

*Retired Senior Judge assigned to the Superior Court.

On February 26, 2002, [Appellant] was sentenced by the [trial c]ourt, in conformity with the above-mentioned plea agreement, to six months to three years [of imprisonment] on the count of indecent assault, a misdemeanor of the first degree. [Appellant] was also sentenced to two years of probation on the second degree misdemeanor charges. [Appellant] completed his prison term in early 2004 and subsequently completed his probation and parole responsibilities.

Because of the guilty plea, [Appellant] was placed under Megan's Law registration for ten years. The Megan's Law registration began around January 2004, shortly after [Appellant] was paroled from his prison sentence. Accordingly, [Appellant's] Megan's Law reporting obligations would have ended in January 2014. However, with the subsequent passing of [SORNA], [Appellant] is now obligated to be a lifetime registrant. Under the new statutory changes, [Appellant] went from a Tier 1 registrant to a Tier 3 lifetime registrant. This new lifetime registration requirement is because [Appellant] pled guilty to [having indecent contact with a child of less than 13].

[Appellant] has complied, thus far, with the new registration requirements, but is now seeking to challenge the increase in his Megan's Law registration time period and the constitutionality of [SORNA]. Said challenge was filed on November 18, 2013.[2] … [Therein, Appellant raised] the typical volley of constitutional challenges levied upon Megan's Law whenever it is amended to require sterner reporting requirements. The [trial c]ourt entertained oral arguments on [Appellant's m]otion to find said statutes unconstitutional on January 20, 2014.

Trial Court Opinion, 7/12/2014, at 1-2 (citations, footnote, and repetition of

quantities in numeral form omitted). On February 12, 2014, the trial court

---

[2] We have held that a challenge to the retroactive application of the reporting requirements of SORNA is not cognizable under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, and therefore is not subject to the jurisdictional time constraints of the PCRA. *See, e.g., Commonwealth v. Partee*, 86 A.3d 245, 247 (Pa. Super. 2014).

filed its opinion and order denying Appellant's motion. Appellant timely filed a notice of appeal.

Appellant presents this Court with numerous questions which may be grouped into the following four categories: (1) whether retroactive application of SORNA to increase Appellant's registration period violates the *ex post facto* clause of the Pennsylvania constitution; (2) whether increase, without a hearing, of Appellant's registration period pursuant to SORNA violates the due process clauses of the United States and Pennsylvania constitutions; (3) whether SORNA violates the separation of powers provisions of the Pennsylvania constitution; and (4) whether the increase in Appellant's registration violates the terms of his guilty plea. Appellant's Brief at 4-5.

The first three groups of Appellant's questions challenge the constitutionality of SORNA. "[T]he constitutionality of a statute presents a pure question of law. Therefore, our standard of review is *de novo* and scope of review plenary." **Commonwealth v. Wade**, 33 A.3d 108, 115-16 (Pa. Super. 2011). Further, a statute "is presumed to be constitutional and will only be invalidated as unconstitutional if it clearly, palpably, and plainly violates constitutional rights." **Commonwealth v. Brown**, 26 A.3d 485, 493 (Pa. Super. 2011) (quoting **Commonwealth v. Morgan**, 913 A.2d 906, 911 (Pa. Super. 2006)).

Appellant first challenges SORNA's constitutionality under the *ex post facto* clause of the Pennsylvania Constitution, which provides: "[n]o *ex post facto* law… shall be passed." Pa. Const. Art. I, § 17. Subsequent to Appellant's filing of his brief, this Court held "the new registration regime pursuant to SORNA is constitutional under the Federal and State *Ex Post Facto* Clauses." **Commonwealth v. Perez**, 97 A.3d 747, 760 (Pa. Super. 2014). Accordingly, Appellant's first challenge entitles him to no relief for the reasons stated in **Perez**. **See id.** at 759-60 (holding that the balancing of the seven factors provided in **Kennedy v. Mendoza–Martinez**, 372 U.S. 144 (1963), does not show that the provisions of SORNA are sufficiently punitive to overcome the General Assembly's categorization of them as non-punitive).

Appellant next claims that his new registration requirements were imposed without due process. Specifically, Appellant "contends that he was given no hearing or opportunity to present evidence as to why he should [not] be given enhanced lifetime registration. His individual situation was not reviewed. There is nowhere in the [s]tatute an opportunity to petition for relief from this onerous lifetime registration." Appellant's Brief at 39-40.

"It is beyond cavil that in order to successfully assert a due process claim, one must have been deprived of something, be it a physical item or personal right." **Commonwealth v. Mountain**, 711 A.2d 473, 476 (Pa. Super. 1998). As our Supreme Court noted in considering a due process

challenge to a prior version of the statute, "the question of whether the additional sanctions imposed under Megan's Law II are punitive in nature is the threshold due process inquiry." *Commonwealth v. Williams*, 832 A.2d 962, 970 n.13 (Pa. 2003). Because this Court determined in *Perez* that SORNA's registration and reporting requirements are not punitive, Appellant's due process challenge does not get past the threshold.

In his third issue, Appellant claims that, with the new registration and reporting requirements of SORNA, the legislature has impermissibly intruded upon "a uniquely judicial function" in violation of Article V of the Pennsylvania constitution, which gives the Pennsylvania Supreme Court "the sole role of regulating and supervising the judiciary." Appellant's Brief at 46.

Appellant is correct that "[t]he General Assembly cannot constitutionally impose upon the judicial branch powers and obligations exclusively reserved to the legislative or executive branch; nor can it in essence deputize judicial employees to perform duties more properly reserved to another of the co-equal branches of government." *Commonwealth v. Mockaitis*, 834 A.2d 488, 500 (Pa. 2003). However, this Court held that Megan's Law II did not violate separation of powers because the mandated registration and reporting "constitutes substantive law and it does not set forth rules governing court practice or procedure." *Commonwealth v. Rhoads*, 836 A.2d 159, 163 (Pa. Super. 2003). Appellant points to nothing that convinces us that the requirements of

SORNA are so different as to mandate the opposite conclusion. His separation of power argument is unavailing.

Finally, Appellant claims that the ten-year registration requirement was part of his plea bargain, and thus cannot be "unilaterally and arbitrarily changed." Appellant's Brief at 51. In support, Appellant relies on this Court's decision in *Commonwealth v. Hainesworth*, 82 A.2d 444 (Pa. Super. 2013) (*en banc*).

In *Hainesworth*, the plea agreement at issue was "precisely structured so that Hainesworth would not be subjected to a registration requirement." *Id.* at 448. When SORNA changed the law to make the offense to which Hainesworth pled guilty one subject to registration, Hainesworth was deprived of a benefit of his bargain. Thus, under principles of contract law, the trial court properly determined that Hainesworth was not required to register as a sex offender because the Commonwealth and Hainesworth "entered into a plea bargain that contained a negotiated term that Hainesworth did not have to register as a sex offender." *Id.* at 450. *See also Commonwealth v. Nase*, No. 2946 EDA 2013, 2014 WL 4415061 at *7 (holding that Nase's registration could not be extended to 25 years because a ten-year registration requirement was part of his plea bargain).

The instant case is clearly distinguishable from *Hainesworth*. Appellant did not bargain to avoid registration or to be subject to registration for a specific length of time. The written plea agreement makes no

reference to Megan's Law registration. *See* Plea Agreement, 1/4/2002 ("[Appellant] to receive a minimum period of 6 months [of] incarceration. Fines, cost, restitution, all other terms to the court."). In the written plea colloquy,[3] Appellant acknowledged that he may be required to register for ten years, or for the remainder of his life, depending upon the trial court's determination following the recommendation of the Sexual Offender Assessment Board. Addendum to Guilty Plea Colloquy, 1/4/2002, at 2 (pages unnumbered). Thus, Appellant entered his guilty plea not knowing for how long he would have to register, and with the understanding that it could be for the rest of his life. Accordingly, the term of registration was not negotiated and could not have informed Appellant's decision to plead guilty, and increasing Appellant's registration requirement does not deprive him of the benefit of his bargain. *Hainesworth* entitles Appellant to no relief.

Order affirmed.

---

[3] The transcript of the oral plea colloquy is not contained in the certified record.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 11/24/2014