J-S66043-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
ROBERT LEE VERBUS, SR., :
:
Appellant : No. 976 WDA 2015

Appeal from the Judgment of Sentence Entered June 4, 2015,
in the Court of Common Pleas of Fayette County,
Criminal Division at No(s): CP-26-CR-0000170-2015

BEFORE: OLSON, STABILE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.: **FILED DECEMBER 22, 2015**

Robert Lee Verbus, Sr. (Appellant) appeals from the judgment of

sentence entered following his convictions for indecent assault on a person

less than 13 years of age and corruption of minors. After review, we affirm.

On June 2, 2015, Appellant pled guilty to the aforementioned offenses

and was sentenced to a term of imprisonment of not less than one year and

six months nor more than three years. The trial court determined that

Appellant was not a sexually violent predator (SVP); however, as a result of

his convictions, Appellant was classified as a Tier III offender pursuant to the

Sex Offender Registration and Notification Act (SORNA).[1] Consequently,

Appellant was ordered to comply with the registration and reporting

---

* Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9799.10-9799.41.

requirements of SORNA. Appellant timely filed a motion to modify his sentence, which was denied by the trial court. This timely appeal followed. Both the trial court and Appellant complied with the requirements of Pa.R.A.P. 1925.

Appellant raises three issues on appeal.

1. Is it unconstitutional to require … Appellant to register for a lifetime when said registration requirement exceeds the statutory maximum penalty for Appellant's offense?

2. Is [SORNA] unconstitutional in requiring … Appellant to register for a lifetime?

3. Is [SORNA] unconstitutional in requiring … Appellant to register for a lifetime when Appellant was assessed and deemed not to be [an SVP]?

Appellant's Brief at 7.

Appellant's interrelated issues concern the constitutionality of SORNA. Appellant's Brief at 19-21. Because those issues implicate a pure question of law, our standard of review is *de novo*, and our scope of review is plenary. **Commonwealth v. Raban**, 85 A.3d 467, 468 (Pa. 2014).

On multiple occasions, our Courts have considered, and rejected, the first two issues raised by Appellant. These prior decisions reason that the imposition of the registration and notification requirements does not constitute punishment. **See, e.g., Commonwealth v. Williams**, 832 A.2d 962, 986 (Pa. 2003) (upholding as non-punitive the registration, notification, and counseling provisions of Megan's Law II); **Commonwealth v. Rhoads**, 836 A.2d 159 (Pa. Super. 2003) (same). More recently, this Court upheld

the constitutionality of SORNA's registration requirements in **Commonwealth v. Perez**, 97 A.3d 747 (Pa. Super. 2014). Moreover, specific to Appellant's first argument, in **Commonwealth v. McDonough**, 96 A.3d 1067 (Pa. Super. 2014) this Court rejected the argument that mandating compliance with SORNA by offenders who have served their maximum term is unconstitutional. Appellant has failed to convince us that another constitutional analysis of SORNA would produce a different result.

Although presented as a separate issue, Appellant's third argument is intertwined with his second: Appellant contends that his lack of an SVP designation somehow renders unconstitutional his lifetime registration requirement. Appellant cites no authority for this proposition, and his claim is belied by the provisions of the statute.  SORNA provides explicitly that a Tier III classification requires lifetime registration, independent of any SVP designation. 42 Pa.C.S. § 9799.15(a)(3), (6). Moreover, a lifetime registration period is applicable to both SVP designation (regardless of the tier of one's conviction) and conviction of a Tier III offense. **Id.** Thus, contrary to Appellant's claim, his lack of an SVP designation has no effect on the applicable registration period. Additionally, as discussed above, the registration requirement is constitutional.  Accordingly, Appellant's claim fails.

Accordingly, for all of the foregoing reasons, we determine that Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2015