J-S27033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| NABIL ELATTAR, JR. | : | |
| | : | |
| Appellant | : | No. 1579 WDA 2018 |

Appeal from the Judgment of Sentence Entered April 30, 2018
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0010272-2017

BEFORE:   OLSON, J., OTT, J., and COLINS*, J.

MEMORANDUM BY COLINS, J.:                    **FILED JUNE 10, 2019**

Appellant, Nabil Elattar, Jr., appeals from the judgment of sentence following his guilty plea to Possession of Child Pornography.[1]  Specifically, Appellant challenges the 15-year period of sex offender registration imposed upon him as a result of his conviction pursuant to the Sex Offender Registration and Notification Act (SORNA).[2]  We affirm.

The following factual background appears in the affidavit of probable cause in the criminal complaint, which Appellant stipulated to as the factual predicate of his guilty plea.  On September 6, 2016, a Skype user with the username "luvyungboysngirls" uploaded an image of child pornography, which Skype reported to the National Center for Missing and Exploited Children's

---

[1] 18 Pa.C.S. § 6312(d).

[2] 42 Pa.C.S. §§ 9799.10-9799.42.

---

\* Retired Senior Judge assigned to the Superior Court.

(NCMEC) cyber tip line. This tip was directed to Detective Lynn Havelka of the Allegheny County District Attorney Investigations Unit who was assigned to the Federal Bureau of Investigation's Violent Crimes Against Children Task Force. Detective Havelka determined that Verizon Fios was the internet service provider for the internet protocol address associated with the September 6, 2016 image upload. On October, 14, 2016, Detective Havelka obtained a court order for the subscriber information; Verizon Fios responded on October 20, 2016 with the subscriber information as Mr. El Attar at an address in Ingram, Pennsylvania.

On November 23, 2016, Detective Havelka and agents working with the Task Force executed a search warrant for the Ingram address, where Appellant resided with his father and brother. Appellant agreed to speak with the agents and admitted that he had been looking at images of child pornography for the previous year. Appellant further admitted that he uploaded images of child pornography on Skype using the "luvyungboysngirls" username, including the image that Skype had reported to the NCMEC cyber tip line, and that he communicated with underage boys online. Appellant also informed the agents who executed the search warrant that he saved images of child pornography on his computer hard drive. A forensic examination of the hard drive revealed 487 images of child pornography, 16 of which were determined to be of known, identified victims.

On June 19, 2017, Appellant was charged with one count of Possession of Child Pornography and one count of Criminal Use of Communication

Facility.[3]  On February 5, 2018, Appellant pleaded guilty to the Possession of Child Pornography, and the Commonwealth withdrew the Criminal Use of Communication Facility count.  N.T., 2/5/18, at 2-9.  On April 30, 2018, the trial court sentenced Appellant to five years of probation and informed him of his responsibility to register under SORNA for 15 years as a Tier I sex offender. Sentencing Order, 4/30/18; N.T., 4/30/18, at 12-16.  Appellant filed a post-sentence motion on May 9, 2018, which was denied by operation of law on October 1, 2018 pursuant to Pa.R.Crim.P. 720(B)(3)(a).  Appellant thereafter filed a timely notice of appeal.[4]

Appellant presents the following question for our review:

> Did the court err in imposing the registration, notification and counseling requirements under SORNA for a period of fifteen years, which exceeds the statutory maximum penalty for Possessing Child Pornography, a Felony 3 offense under 18 Pa.C.S. §6312(D)?

Appellant's Brief at 4 (suggested answer and duplicative question omitted).

Appellant argues that his 15-year SORNA registration requirement, which was determined to constitute direct criminal punishment in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), exceeds the lawful statutory maximum of 7 years for the third-degree felony for which he was

---

[3] 18 Pa.C.S. §§ 6312(d) and 7512(a), respectively.

[4] Appellant filed his statement of errors complained of on appeal on November 21, 2018.  The trial court entered its opinion on December 4, 2018.

convicted.[5]  *See* 18 Pa.C.S. § 1103(3) (maximum term of imprisonment of 7 years for conviction of felony of third degree); 18 Pa.C.S. § 6312(d.1)(2)(i) (except in circumstances not applicable here, a first offense under 18 Pa.C.S. § 6312(d) is a felony of the third degree); Sentencing Order, 4/30/18.  This argument is a challenge to the legality of his sentence.  *See Commonwealth v. Succi*, 173 A.3d 269, 285 (Pa. Super. 2017) ("Legality of sentence issues occur…when the sentence imposed is patently inconsistent with the sentencing parameter set forth by the General Assembly.").  "When reviewing the legality of a sentence, our standard of review is *de novo* and our scope of review is plenary."  *Commonwealth v. Seskey*, 170 A.3d 1105, 1107 (Pa. Super. 2017).  Where a sentence is found to be illegal, it must be vacated. *Commonwealth v. Rivera*, 95 A.3d 913, 915 (Pa. Super. 2014).

This Court recently addressed this issue in *Commonwealth v. Strafford*, 194 A.3d 168 (Pa. Super. 2018).  In *Strafford*, the appellant was subjected to lifetime registration as a Tier III offender under SORNA, and the appellant argued on appeal that the lifetime period of registration exceeded the statutory maximum sentences applicable to his convictions.  *Id*. at 171-72.  This Court began its analysis by observing that, under *Muniz*, SORNA

---

[5] We note that, while Appellant correctly stated in his statement of questions presented that he was convicted of a third-degree felony carrying a maximum statutory punishment of seven years, he also erroneously asserts in his brief that he was convicted of a second-degree misdemeanor as to which the greatest possible punishment would be two years.  *See* Appellant's Brief at 8; 18 Pa.C.S. § 1104(2).

registration requirements are deemed to be punitive and the general principle that the General Assembly "has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix punishment for all crimes." *Id*. at 172 (quoting *Commonwealth v. Eisenberg*, 98 A.2d 1268, 1283 (Pa. 2014)). We further noted that the maximum authorized sentence of imprisonment for a felony is set forth in Section 1103 of the Crimes Code and by separate statute, the legislature had fixed the maximum sentence of probation not to exceed the maximum term for which a defendant could be confined. *Id.* (citing 18 Pa.C.S. § 1103 and 42 Pa.C.S. § 9754(a)).

However, we further noted in *Strafford* that not all "categories of punishment are…limited by the maximum period of incarceration," and the legislature set forth different statutory limits with respect to fines or restitution that may be imposed at sentencing. *Id*. at 172-73. With respect to SORNA's punishment scheme, we stated:

> In SORNA the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length of incarceration. *See* 42 Pa.C.S. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from [a defendant]'s term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

*Id*. at 173. We accordingly concluded that the lifetime registration requirement imposed on the appellant in Strafford did not constitute an illegal sentence. ***Id.***; ***see also Commonwealth v. Prieto***, \_\_\_ A.3d \_\_\_, 2019 PA Super 79, \*10-\*11 (filed March 18, 2019); ***Commonwealth v. Martin***, \_\_\_ A.3d \_\_\_, 2019 PA Super 69, \*6-\*11 (filed March 7, 2019); ***Commonwealth v. Bricker***, 198 A.3d 371, 376-77 (Pa. Super. 2018).

The analysis and holding of ***Strafford*** are equally applicable here. Though Appellant was convicted of a third-degree felony with a maximum statutory sentence of seven years for imprisonment and probation, Appellant's 15-year SORNA registration period is "an authorized punitive measure separate and apart from" the term of probation imposed upon Appellant, and not limited by the maximum allowable term of incarceration for a third-degree felony under Section 1103. 194 A.3d at 173.

Appellant further argues that the trial court lacked authority to impose a 15-year registration period because SORNA, even after 2018 amendments to address the ***Muniz*** decision,[6] provides that the statute "shall not be

---

[6] Act of February 21, 2018, P.L. 27, No. 10 ("Act 10"). With Act 10, and the subsequent enactment of Act 29 of 2018, Act of June 12, 2018, P.L. 140, No. 29, the General Assembly sought, in part, to address the ***Muniz*** decision by modifying the provisions of SORNA, contained in Subchapter H of the Sentencing Code, to make them applicable only to offenses committed after SORNA's effective date of December 20, 2012. 42 Pa.C.S. § 9799.11(c). In addition, the General Assembly added Subchapter I to the Sentencing Code, 42 Pa.C.S. §§ 9799.51-9799.75, setting forth the registration requirements applicable to offenders convicted of sex offenses after Megan's Law I went into effect on April 22, 1996 but prior to the effective date of SORNA. 42 Pa.C.S.

construed as punitive." 42 Pa.C.S. § 9799.11(b)(2). Appellant contends that, in addition to the lack of authorization in SORNA, the trial court also lacks authority to impose a sex offender registration period under other provisions in the Sentencing Code or in the Crimes Code. Appellant additionally argues that any attempt by the legislature to impose a punishment of mandatory registration through SORNA encroaches on the judicial power in violation of separation of powers principles inherent in the Pennsylvania Constitution. Appellant asserts that the 15-year registration period was thus an illegal sentence because the trial court had no statutory authority to mandate registration and the legislature was not permitted to impose such a punishment unilaterally.

Appellant's arguments lack merit. Initially, we observe that the fact that the current version of SORNA states that it was enacted for a non-punitive purpose has no bearing on whether the statute is in fact punitive; *Muniz* held that SORNA was punitive in spite of this statutory language, applying the constitutional framework of *Kennedy v. Mendoza-Martinez*, 372 U.S. 144 (1963). *Muniz*, 164 A.3d at 1208-18 (Opinion Announcing Judgment of the

§ 9799.52; *see also Bricker*, 198 A.3d at 375-76 (describing amendments). Appellant admits the criminal offense that he committed occurred after December 20, 2012, and therefore his registration requirements are governed by Subchapter H. Appellant's Brief at 9. Furthermore, Appellant does not contest that he was properly subjected to a 15-year registration and reporting requirement under Subchapter H. *See* 42 Pa.C.S. § 9799.14(b)(9) (stating that 18 Pa.C.S. § 6312(d) is a Tier I offense); 42 Pa.C.S. § 9799.15(a)(1) (providing for 15 year registration period for Tier I sexual offenses).

Court); *see also id.*, 164 A.3d at 1232-33 (Wecht, J., concurring). Furthermore, as this Court explained in *Strafford*, "SORNA's registration requirements are an authorized punitive measure separate and apart from [the] term of incarceration" authorized in Chapter 11 of the Crimes Code. 194 A.3d at 173; *see also Prieto*, 2019 PA Super 79, *11; *Martin*, 2019 PA Super 69, *7; *Bricker*, 198 A.3d. at 377. Therefore, no other statutory authorization was required for the imposition of SORNA registration requirements on Appellant beyond SORNA itself.

Finally, with respect to Appellant's separation of powers argument, in *Commonwealth v. Rhoads*, 836 A.2d 159 (Pa. Super. 2003), this Court held that Megan's Law II did not usurp the Supreme Court's authority under Article V of the Pennsylvania Constitution to prescribe general rules governing the practice, procedure and conduct of the courts because Megan's Law II was "substantive law and it does not set forth rules governing court practice or procedure." *Id.* at 163. Though *Rhoads* was decided with regard to an earlier sex offender registration statute, the holding of *Rhoads* applies equally to SORNA. Appellant has not demonstrated that SORNA exceeds the legislature's exclusive authority "to fix the punishment for all crimes," *Strafford*, 194 A.3d at 172, or that SORNA "deputize[s] judicial employees to perform duties more properly reserved to another of the co-equal branches of government." *Commonwealth v. Mockaitis*, 834 A.2d 488, 500 (Pa.2003).

Based on the foregoing, Appellant is not entitled to relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/10/2019