IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.M.G.,                                          :
                        Petitioner               :
                                                 :     No. 137 M.D. 2021
            v.                                    :
                                                 :     Submitted: November 9, 2023
Commonwealth of Pennsylvania,                    :
Pennsylvania State Police,                       :
Pennsylvania Sexual Offenders                    :
Assessment Board, Pennsylvania                   :
Department of Corrections,                       :
Pennsylvania Board of Probation                  :
and Parole, Pennsylvania Department              :
of Transportation, and Other Unknown             :
Agents,                                          :
                        Respondents              :


BEFORE:    HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED:  December 20, 2023


            The Commonwealth of Pennsylvania, Pennsylvania State Police (State

Police), Pennsylvania Sexual Offenders Assessment Board (SOAB), Pennsylvania

Department of Corrections (DOC), Pennsylvania Parole Board (Parole Board),[1] and

Pennsylvania Department of Transportation (PennDOT) (collectively, Respondents)

filed preliminary objections to the *pro se* amended petition for review filed by inmate

---

[1] The Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board.  *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a); *Toland v. Pa. Bd. of Prob. & Parole*, 263 A.3d 1220, 1224 n.2 (Pa. Cmwlth. 2021) (citation omitted).

J.M.G. (Petitioner). Respondents essentially argue that (1) Petitioner failed to state a claim against DOC, Parole Board, and PennDOT, and they should be dismissed from the action; and (2) this Court should dismiss Petitioner's claim because it lacks merit. We sustain some of Respondents' preliminary objections, dismiss Respondents' remaining preliminary objections as moot, and dismiss Petitioner's amended petition for review with prejudice.

## I. BACKGROUND[2]

Because we write for the parties, we do not exhaustively detail the facts.[3] Petitioner filed the amended petition for review raising three claims. Am. Pet. for Review, 1/7/22. As best as we can discern, Petitioner challenges the constitutionality of his designation and registration as a sexually violent predator (SVP). *Id.* at 4. Specifically, Petitioner contends that Megan's Law II was in effect at the time of his conviction and underlying offense. *Id.* Per Petitioner, while SOAB was assessing him, Megan's Law III went into effect.

---

[2] We "must . . . accept as true all well-pleaded, material, and relevant facts alleged in the petition for review and every inference that is fairly deducible from those facts. A preliminary objection in the nature of a demurrer should be sustained only in cases that clearly and without a doubt fail to state a claim for which relief may be granted." *Robinson v. Pa. Dep't of Corr.* (Pa. Cmwlth., No. 97 M.D. 2021, filed Sept. 22, 2022) (unpublished) (cleaned up), 2022 WL 4372601, *1 n.1, slip op. at 1 n.1. We may cite to unreported or Superior Court decisions for their persuasive value. *See* Pa.R.A.P 126(b)(1)-(2); 210 Pa. Code § 69.414(a); *Pa. State Police v. Madden*, 284 A.3d 272, 278 n.13 (Pa. Cmwlth. 2022).

[3] *See generally Commonwealth v. J.M.G.* (Pa. Super., No. 557 EDA 2018, filed Dec. 21, 2018), 2018 WL 6715465. Briefly, he entered an open guilty plea to various offenses, including involuntary deviate sexual intercourse of a person less than 13 years of age, and in 2005, was sentenced to an aggregate term of 12½ to 42 years' imprisonment. *Id.* The court also designated him as a sexually violent predator. *Id.*; *see* 42 Pa.C.S. §§ 9791-9799.7 (Megan's Law II) (expired). Megan's Law II was replaced by Megan's Law III, which was replaced by the Sexual Offender Registration and Notification Act, SORNA I. *See* Act of November 24, 2004, P.L. 1243, No. 152; Act of December 20, 2011, P.L. 446, No. 111. "SORNA I was amended in 2018 in two pieces of legislation known as Act 10 and Act 29; the current law is 42 Pa.C.S. §§ 9799.10-9799.75 (SORNA II)." *Adams v. Pa. State Police*, 257 A.3d 227, 229 (Pa. Cmwlth. 2021) (cleaned up).

Petitioner claims that Megan's Law III was found unconstitutional for violating the "single subject clause"[4] of the Pennsylvania Constitution and thus was void *ab initio*. *Id.* In Petitioner's view, because Megan's Law III was found unconstitutional, he maintains Megan's Law II is *also* unconstitutional as it also violates the "single subject clause." *Id.* at 7. Petitioner thus concludes this Court must similarly hold Megan's Law II unconstitutional. *Id.* at 8. By extension, in Petitioner's view, under Megan's Law II, the sentencing court lacked statutory authority to order an assessment and SOAB could not and cannot presently assess him. *Id.* at 9. Critically, Petitioner also derivatively reasons that his due process and equal protection rights were violated. *Id.*[5]

In response to Petitioner's amended petition for review, Respondents filed five preliminary objections: (1) misjoinder of DOC, Parole Board, and PennDOT as parties; (2) Petitioner's claims are too vague to permit those three agencies to defend themselves; (3) a related demurrer for insufficient factual allegations as to the aforementioned agencies; (4) a general demurrer on behalf of Respondents that courts have rejected Petitioner's argument that Megan's Law II violated the single subject clause; and (5) a general demurrer on behalf of Respondents as to Petitioner's derivative claims grounded in the unconstitutionality of Megan's Law II, *e.g.*, his designation as an SVP under Megan's Law II. *See* Prelim. Objs., 1/27/22, at 4-12 (citing Pa.R.Civ.P. 1028(a)(2)-(5)).[6] Petitioner filed an answer to the preliminary objections. Answer to Prelim. Objs., 5/11/22.

---

[4] The single subject clause generally prohibits "multi-subject bills." Pa. Const. art. III, § 3 ("No bill shall be passed containing more than one subject, which shall be clearly expressed in its title, except a general appropriation bill or a bill codifying or compiling the law or a part thereof.").

[5] In other words, Petitioner did not aver in his amended petition for review that "sexual offenders [are] treated more harshly than other persons convicted of violent offenses." Pet'r's Br. at 10-11.

[6] The preliminary objections were endorsed with a notice to plead.

## II. ISSUES

In support of their preliminary objections, Respondents raise three issues. First, Respondents argue that we should dismiss DOC, Parole Board, and PennDOT as parties. Respondents' Br. at 3. Second, Respondents contend that courts have held Megan's Law II was constitutional and did not violate the single subject clause. *Id.* at 7. Third, Respondents reason that because Megan's Law II is constitutional, Petitioner cannot challenge his SVP designation under Megan's Law II. *Id.* at 8.

## III. DISCUSSION

We summarize Respondents' arguments in support of their issues together. In support of their first issue, Respondents reason that Petitioner's allegation that DOC, Parole Board, and PennDOT provide information to State Police "does not explain how those agencies are proper parties." *Id.* at 3 (citing *Bell v. Beneficial Consumer Disc. Co.*, 360 A.2d 681 (Pa. Super. 1976), and *Haber v. Monroe Cnty. Vocational-Tech. Sch.*, 442 A.2d 292 (Pa. Super. 1982)). Per Respondents, those agencies had statutory responsibilities under a prior version of Megan's Law but, in any event, the mere fact they provide information to State Police "does not mean that they have violated Petitioner's constitutional rights." *Id.* at 4. Respondents note that Petitioner's classification as an SVP "implicates only the SOAB and the State Police," and thus, this Court should dismiss the other agencies. *Id.*

Respondents relatedly argue under Pennsylvania Rule of Civil Procedure 1028(a)(2) and (3) that Petitioner's claims against DOC, Parole Board, and PennDOT are too vague to permit those agencies "to defend themselves, which is another basis for dismissal." *Id.* Respondents point out that Pennsylvania is a

4

fact-pleading state and Petitioner cannot "rely on factually unsupported claims or legal conclusions . . . ." *Id.* Petitioner's sole reference to those agencies, per Respondents, is in a single paragraph that is insufficiently "specific and complete" to permit those agencies to defend themselves. *Id.* at 5-6. Finally, Respondents argue that absent "any meaningful factual allegations" against those agencies, Petitioner necessarily failed to state a cause of action. *Id.* at 6.

In support of their last two issues, Respondents contend that our courts have previously rejected claims that Megan's Law II violated the single subject clause and right to due process. *Id.* at 7 (citing *Commonwealth v. Rhoads*, 836 A.2d 159 (Pa. Super. 2003), and *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003)). With respect to Petitioner's equal protection claim, Respondents contend that Petitioner failed to "identify anyone to whom he is similarly situated and is treated more favorably than he is." *Id.* at 8. Respondents add that even if Megan's Law II was unconstitutional, it has been superseded by SORNA II, and thus, any opinion by this Court would be advisory. *Id.* But Respondents maintain that because Megan's Law II is constitutional, Petitioner cannot challenge his SVP designation. *Id.* at 8-9. Essentially, Respondents' argument supports their general demurrer under Pennsylvania Rule of Civil Procedure 1028(a)(4). *See also* Prelim. Objs. at 9, 11.[7]

---

[7] Petitioner counters that under "all forms of Megan's Law," DOC, Parole Board, and PennDOT are appropriate parties. Pet'r's Br. at 5-7. He reasons that these agencies, *inter alia*, "create and maintain" the registration database, provide information to State Police, and ensure compliance with various registration requirements. *Id.* Petitioner additionally maintains that Parole Board has denied him parole because of his "threat to the community," which Petitioner interprets as a reference to his SVP classification. *Id.* at 6. Petitioner concedes that PennDOT has the "least involvement" in his suit, but claims PennDOT would be required to correct its records regarding Petitioner's "unlawful classification." *Id.* at 7. Petitioner summarily asserts that he sufficiently specified his allegations to permit the above agencies to respond. *Id.* at 8.

Petitioner reiterates that Megan's Law II is unconstitutional under the single subject clause. *Id.* at 9-10. Petitioner distinguishes *Williams* on the basis that in *Williams*, the defendants had only challenged "that the procedures enacted [under Megan's Law II] were unconstitutional in

"Pennsylvania is a fact pleading state." *Briggs v. Sw. Energy Prod. Co.*, 224 A.3d 334, 351 (Pa. 2020) (citation omitted). Accordingly, a petition for review must include "material facts on which a cause of action . . . is based[.]" Pa.R.Civ.P. 1019(a); *see also* Pa.R.A.P. 1513(e). Those material facts must "apprise the defendant of the claim being asserted" and "summarize the essential facts to support the claim." *Steiner v. Markel*, 968 A.2d 1253, 1260 (Pa. 2009). "The [petition for review] need not identify specific legal theories . . . . Assertions of legal rights and obligations in a [petition for review] may be construed as conclusions of law, which have no place in a pleading." *412 N. Front St. Assocs., LP v. Spector Gaden & Rosen, P.C.*, 151 A.3d 646, 656 (Pa. Super. 2016) (cleaned up). We also construe "the allegations of a *pro se* petitioner . . . to a less stringent standard than that applied to pleadings filed by attorneys. If a fair reading of the petition for review shows that the petitioner has pleaded facts that may entitle [him] to relief, the preliminary objections will be overruled." *Hill v. Pa. Dep't of Corr.*, 271 A.3d 569, 578 (Pa. Cmwlth. 2022) (cleaned up).

Pennsylvania Rule of Civil Procedure 1028(a) lists numerous grounds for preliminary objections. Pa.R.Civ.P. 1028(a)(1)-(8). For example, under Rule 1028(a)(5), a preliminary objection may be raised based on a "lack of capacity to sue, nonjoinder of a necessary party or misjoinder of a cause of action." Pa.R.Civ.P. 1028(a)(5). Other examples include Rule 1028(a)(2), which states "failure of a pleading to conform to law or rule of court or inclusion of scandalous or impertinent

---

application." *Id.* at 10. In contrast, Petitioner asserts that Megan's Law II "was unconstitutional in its enactment, so any reliance of the court on the unconstitutionally enacted statutes violates Due Process." *Id.* Petitioner asserts for the first time in his brief that it would be a violation of the Equal Protection Clause, U.S. Const. amend. XIV, "for sexual offenders to be treated more harshly than other persons convicted of violent offenses." *Id.* at 10-11. *Cf.* Am. Pet. for Review, at 9 (averring that his rights under the due process and equal protection clauses were violated when he was assessed under a law that violated the single subject clause).

6

matter," and Rule 1028(a)(3), which states "insufficient specificity in a pleading." Pa.R.Civ.P. 1028(a)(2)-(3).

With respect to the latter, this Court has explained that a petition for review must "not only give the [respondent] notice of what the [petitioner's] claim is and the grounds upon which it rests, but it must also formulate the issues by summarizing those facts essential to support the claim." *Unified Sportsmen of Pa. v. Pa. Game Comm'n*, 950 A.2d 1120, 1134 (Pa. Cmwlth. 2008) (*Unified*) (cleaned up). Thus, we "must ascertain whether the facts alleged are sufficiently specific to enable a [respondent] to prepare [its] defense." *Id.* (cleaned up). But before examining the alleged facts, we may address whether based on the facts averred, the law undoubtedly precludes recovery; if doubt exists, generally, we should overrule the demurrer. Pa.R.Civ.P. 1028(a)(4); *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005); *Unified*, 950 A.2d at 1134.

For example, the Superior Court has rejected a claim that Megan's Law II is unconstitutional for violating the Pennsylvania Constitution's single subject clause. *Rhoads*, 836 A.2d at 163. In *Rhoads*, the defendant was designated an SVP under Megan's Law II. *Id.* at 161. On appeal, he contended that the bill enacting Megan's Law II "improperly contained more than one subject." *Id.* Thus, the defendant reasoned that the General Assembly violated the single subject clause. The *Rhoads* Court rejected the claim, summarily reasoning that Megan's Law II addressed "only one subject matter or, at worst, addresses several subjects which are all germane to one general subject," and thus rejected the defendant's constitutional claim. *Id.* at 163.[8] Therefore, a court may sustain a demurrer to this claim because

---

[8] Subsequently, a few Courts have cited *Rhoads* for that proposition but did not elaborate on the *Rhoads* Court's reasoning. *See Commonwealth v. Moody*, 843 A.2d 402, 405 (Pa. Super. 2004); *Commonwealth v. Howe*, 842 A.2d 436, 447 (Pa. Super. 2004). It does not appear any Court has discussed in any depth the act that enacted Megan's Law II. Senate Bill No. 1183 states that it

no recovery is possible. *See id.*

Instantly, even after construing Petitioner's *pro se* petition for review liberally, Petitioner's challenge to Megan's Law II as unconstitutional for violating the single subject clause fails for the reasons set forth by the *Rhoads* Court. *See id.*; *see also Madden*, 284 A.3d at 278 n.13. It follows that Petitioner's derivative due process and equal protection claims—each resting on a presumption that Megan's Law II was unconstitutionally enacted—also fail. *See id.*[9] Accordingly, we need not resolve Respondents' preliminary objections regarding the presence of DOC, Parole Board, and PennDOT.[10]

---

amended the Crimes Code, 18 Pa.C.S. §§ 101-9546, the Domestic Relations Code, 23 Pa.C.S. §§ 101-8415, the Judicial Code, 42 Pa.C.S. §§ 101-9914, and Prisons and Parole Code, 61 Pa.C.S. §§ 101-7301, to "extensively [revise] provisions relating to registration of sexual offenders pursuant to Federal mandate; and making editorial changes." Senate Bill No. 1183, 195th General Assembly, Regular Session (Pa. 2011-2012). In contrast, Act 152, which enacted Megan's Law III, had "no common focus" as it addressed "deficiency judgments and county park police jurisdiction," as well as the statute of limitations for asbestos actions. *Commonwealth v. Neiman*, 84 A.3d 603, 606, 613 (Pa. 2013). We do not perceive similar disparate subjects in Senate Bill No. 1183. *See id.*

[9] As noted herein, Petitioner's amended petition for review failed to raise a claim that treating sexual offenders differently than other violent offenders violated the Equal Protection Clause. *See* Am. Pet. for Review, at 9. Thus, we need not address the parties' arguments addressing such a claim for the first time in their briefs.

[10] We note that the plain language of Pennsylvania Rule of Civil Procedure 1028(a)(5) does not provide for misjoinder of parties. *See* Pa.R.Civ.P. 1028(a)(5). Although Respondents cite to *Bell* and *Haber*, those cases relied on a since-rescinded Rule of Civil Procedure 2232(b). The *Bell* Court explained that because "there is no provision . . . for a preliminary objection on the ground of misjoinder," a party must file a petition to sever parties for misjoinder under then Rule 2232(b). *Bell*, 360 A.2d at 686. In *Haber*, the Court similarly resolved a petition for misjoinder under Pa.R.Civ.P. 2232(b). *Haber*, 442 A.2d at 293-94. Per *Haber*, Rule 2232(b) provided that joinder "of unnecessary parties is not ground for dismissal of an action. After notice to all other parties, a party may be dropped by order of the court whenever he has been misjoined or no claim for relief is asserted against him in the action by any other party." *Haber*, 442 A.2d at 293 (quoting then Rule 2232(b)). In 2014, Rule 2232(b) was rescinded, "because if a party has been misjoined or no claim for relief is asserted, a dismissal should be sought through the rules governing preliminary objections, judgment on the pleadings, and summary judgment." Pa.R.Civ.P. 2232 cmt.

Nonetheless, this Court's jurisprudence has recognized misjoinder of parties notwithstanding the plain language of Pennsylvania Rule of Civil Procedure 1028(a)(5). For

## IV. CONCLUSION

For these reasons, we sustain Respondents' fourth and fifth preliminary objections in the nature of a demurrer. We sustain the preliminary objections because the law bars recovery on Petitioner's sole substantive claim that Megan's Law II was unconstitutionally enacted under the single subject clause. We therefore dismiss as moot Respondents' remaining preliminary objections and dismiss Petitioner's amended petition for review with prejudice.

_____
LORI A. DUMAS, Judge

---

example, this Court sustained a preliminary objection based on misjoinder of a party under Rule 1028(a)(5). *Pa. Env't Def. Found. v. Commonwealth*, 285 A.3d 702, 709 (Pa. Cmwlth. 2022) (sustaining the governor's preliminary objection invoking misjoinder under Rule 1028(a)(5), and dismissing the governor as a party). We need not presently resolve any apparent tension in our jurisprudence given our disposition.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.M.G., :
                    Petitioner :
                                              :   No. 137 M.D. 2021
        v.                                    :
                                              :
Commonwealth of Pennsylvania, :
Pennsylvania State Police, :
Pennsylvania Sexual Offenders :
Assessment Board, Pennsylvania :
Department of Corrections, :
Pennsylvania Board of Probation :
and Parole, Pennsylvania Department :
of Transportation, and Other Unknown :
Agents, :
                    Respondents :

# **O R D E R**

AND NOW, this 20th day of December, 2023, we SUSTAIN the fourth and fifth preliminary objections filed by the Commonwealth of Pennsylvania, Pennsylvania State Police, Pennsylvania Sexual Offenders Assessment Board, Pennsylvania Department of Corrections, Pennsylvania Parole Board, and Pennsylvania Department of Transportation (collectively, Respondents). We DISMISS as MOOT Respondents' remaining preliminary objections and DISMISS the amended petition for review filed by Petitioner J.M.G. with prejudice.


_____
LORI A. DUMAS, Judge