J-A09016-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                :         PENNSYLVANIA
                                :
          v.                     :
                                :
                                :
JOSEPH BORIS ZINNER         :
                                :
          Appellant            :    No. 79 WDA 2019

Appeal from the Judgment of Sentence Entered August 8, 2018
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001633-2017

BEFORE:   SHOGAN, J., MURRAY, J., and STRASSBURGER, J.[*]

MEMORANDUM BY MURRAY, J.:              FILED MAY 22, 2020

Joseph Boris Zinner (Appellant) appeals from the judgment of sentence

imposed after a jury convicted him of indecent assault (without consent).[1] For

the reasons that follow, we affirm.

The trial court summarized the underlying facts and procedural history:

> The conviction arose from Appellant's actions in engaging in
> indecent contact with the victim [(Victim)] without her consent on
> September 5, 2016. It is uncontroverted [that Victim] and her
> housemates, college students at Mercyhurst University, engaged
> in a day of partying and drinking on September 4, 2016. On the
> evening of September 4, 2016, Appellant, a fellow student at
> Mercyhurst, met up with [Victim] and housemates at the
> Cornerstone Bar and Grill where additional socializing and drinking
> occurred. Shortly after midnight, [Victim], housemates, a
> housemate's boyfriend, and Appellant proceeded to the [women]'s
> residence. [Victim] went to her bedroom and got in bed without
> changing out of her clothes. After a housemate checked on her,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3126(a)(1).

gave her a blanket, and turned off her light, [Victim] freely admitted she passed out. She awoke to find Appellant on top of her. Her clothing had been removed and Appellant was sucking at her neck and breasts and digitally penetrating her. As Appellant began to perform oral sex on her[,] she asked him to leave and she passed out again.

[On December 22, 2017, following a three-day jury trial, the jury found Appellant guilty of indecent assault (without consent). The jury acquitted him of the charges of indecent assault (unconscious victim), aggravated indecent assault (without consent), and aggravated indecent assault (unconscious victim).]

On January 5, 2018, Appellant filed a Motion to Set Aside Verdict, Judgment of Acquittal and/or New Trial. On July 19, 201[8], the motion for post-trial relief was denied for the reasons set forth at the hearing on July 18, 201[8].

On August 8, 2018, Appellant was sentenced to two years of probation. At sentencing, Appellant was advised of his duty to register for a period of fifteen years as a Tier I sex offender pursuant to 42 Pa.C.S.A. [§] 9799.15(a)(1). See Sentencing Transcript, [8/8/18, at 4-7]. Appellant was determined to not be a sexually violent predator (SVP).[2]

On August 17, 2018, Appellant filed a post-sentence motion. In the post-sentence motion, Appellant claimed the verdicts [were] inconsistent. Appellant challenged the sufficiency and weight of the evidence to sustain the guilty verdict at Count One. In the post-sentence motion, Appellant also challenged the constitutionality of SORNA's registration requirement. On August 23, 2018, the [trial c]ourt directed the Commonwealth to file a written response to the motion.

On September 5, 2018, Appellant signed a notification to register as a sex offender. On September 24, 2018, Appellant

---

[2] We acknowledge that recently, our Supreme Court held that the registration, notification, and reporting (RNC) requirements "applicable to SVPs do not constitute criminal punishment," and therefore, the procedural mechanism in Pennsylvania for designating sex offenders as SVPs set forth in 42 Pa.C.S.A. § 9799.24 is constitutional. Commonwealth v. Butler, ___ A.3d ___, 25 WAP 2018, 2020 WL 1466299, at *15 (Pa. Mar. 26, 2020).

filed a Petition to Supplement Post-Sentence Motion, seeking permission to supplement this record with Exhibits "A" through "F" (consisting of 145 pages) of an unrelated case from another county wherein that trial court found Subchapter H of the Sexual Offender's Registration Act to be unconstitutional. See Petition to Supplement Post-Sentence Motion, ¶ 7. On September 28, 2018, the Commonwealth filed a Response to the post-sentence motion.

On October 1, 2018, Appellant filed a Motion to Vacate Order for Sex Offender Assessment. On December 12, 2018, the Motion was denied as moot as Appellant had been determined to not be a sexually violent predator (SVP). On December 19, 2018, the [c]ourt denied the post-sentence motion and granted the Petition to Supplement Post-Sentence Motion.

On January 14, 2019, Appellant filed a Notice of Appeal and a 1925(b) Statement of Matters Complained of on Appeal was filed on February 6, 2019.

Trial Court Opinion, 9/5/19, at 1-3 (footnotes omitted).

On appeal, Appellant presents five issues for review:

A. Did the Commonwealth present insufficient evidence to sustain Appellant's conviction for Indecent Assault as (1) the testimony was so contradictory on the essential issues that the jury's findings were based on mere conjecture and speculation, and (2) the verdict was entirely inconsistent with Appellant's acquittal on the other offenses?

B. Does SORNA's fifteen-year registration requirement constitute an illegal sentence as the registration/notification provisions equate to punishment and effectively extend Appellant's maximum sentence without a jury's finding of his future dangerousness beyond a reasonable doubt?

C. Does SORNA's fifteen-year registration requirement constitute an illegal sentence as it violates federal and state constitutional prohibitions against cruel and unusual punishment?

D. Does SORNA violate due process protections under both the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Sections 1, 9 and 11 of the Pennsylvania Constitution because it is not tailored to the purposes set forth by the General

Assembly and because it encroaches upon fundamental rights with an irrebuttable presumption of recidivism?

E.   Does SORNA registration violate the Separation of Powers Doctrine, and is therefore unconstitutional, because it operates as criminal punishment, which usurps the exclusive sentencing function of the judiciary?

Appellant's Brief at 10.

Appellant's first issue raises two distinct claims.   First, Appellant purports to challenge the sufficiency of the evidence supporting his indecent assault (without consent) conviction.   Second, Appellant argues that the trial court erred in not granting his motion for judgment of acquittal because the jury acquitted him of indecent assault (unconscious victim), aggravated indecent assault (without consent), and aggravated indecent assault (unconscious victim), which resulted in an inconsistent verdict.   We address each claim in turn.

For his challenge to the sufficiency of the evidence for his indecent assault conviction, Appellant argues that the testimony of the Commonwealth's witnesses contradicted Victim's claims that she lacked the capacity to consent to Appellant's sexual advances and therefore, Victim's testimony was not credible.   This is a challenge to the weight, not the sufficiency, of the evidence.  See Commonwealth v. Melvin, 103 A.3d 1, 43 (Pa. Super. 2014) ("An argument regarding the credibility of a witness'[] testimony goes to the weight of the evidence, not the sufficiency of the evidence."); Commonwealth v. Trinidad, 96 A.3d 1031, 1038 (Pa. Super.

2014) ("variances in testimony go to the credibility of the witnesses and not the sufficiency of the evidence") (citations omitted).

The differences between a challenge to the weight and a challenge to the sufficiency of the evidence, as our Supreme Court explained in Commonwealth v. Widmer, 744 A.2d 745, 751-52 (Pa. 2000), are as follows:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, Tibbs v. Florida, 457 U.S. 31 (1982); Commonwealth v. Vogel, 461 A.2d 604 (Pa. 1983), whereas a claim challenging the weight of the evidence if granted would permit a second trial. Id.

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Commonwealth v. Karkaria, 625 A.2d 1167 (Pa. 1993). Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. Commonwealth v. Santana, 333 A.2d 876 (Pa. 1975). When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Commonwealth v. Chambers, 599 A.2d 630 (Pa. 1991).

> A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence, concedes that there is sufficient evidence to sustain the verdict. Commonwealth v. Whiteman, 485 A.2d 459 (Pa. Super. 1984). Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. Tibbs, 457 U.S. at 38 n.11.

Widmer, 744 A.2d at 751-52 (citations modified). "A true weight of the evidence challenge concedes that sufficient evidence exists to sustain the verdict but questions which evidence is to be believed." Commonwealth v. Lewis, 911 A.2d 558, 566 (Pa. Super. 2006) (quoting Commonwealth v. Hunzer, 868 A.2d 498, 507 (Pa. Super. 2005)).

Our Supreme Court has held that an "appellant's challenge to the sufficiency of the evidence must fail[,]" where an appellant phrases an issue as a challenge to the sufficiency of the evidence, but the argument that appellant provides goes to the weight of the evidence. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999); see also Commonwealth v. Gibbs, 981 A.2d 274, 281-82 (Pa. Super. 2009) (finding that a sufficiency claim raising weight of the evidence arguments would be dismissed). Therefore, Appellant is not entitled to relief on his challenge to the sufficiency of the evidence of his convictions.

Moreover, an appellant must preserve a challenge to the weight of the evidence before the trial court either at sentencing or in a post-sentence motion. Pa.R.Crim.P. 607(A); Commonwealth v. Thompson, 93 A.3d 478, 490 (Pa. Super. 2014). Here, Appellant challenged the weight of the evidence in his written post-sentence motion. See [Appellant]'s Post-Sentence Motion, 8/17/18, ¶ 7. Because Appellant raised a weight of the evidence claim in his post-sentence motion and Pa.R.A.P. 1925(b) statement, and the trial court addressed the claim in its Pa.R.A.P. 1925(a) opinion, we will address

Appellant's arguments relating to the weight of the evidence. See [Appellant]'s Post-Sentence Motion, 8/17/18, ¶ 7; Pa.R.A.P. 1925(b) Statement, 2/6/19, ¶ 3; Trial Court Opinion, 9/5/19, at 9-10.

Our standard of review for a weight of the evidence claim is as follows:

> A motion for a new trial based on a claim that the verdict is against the weight of the evidence is addressed to the discretion of the trial court. Commonwealth v. Widmer, [] 744 A.2d 745, 751-52 ([Pa.] 2000); [Commonwealth v. Brown, 648 A.2d 1177, 1189 (Pa. 1994)]. A new trial should not be granted because of a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion. Widmer, 744 A.2d at 752. Rather, "the role of the trial judge is to determine that 'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" [Id.] (citation omitted). It has often been stated that "a new trial should be awarded when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be given another opportunity to prevail." Brown, 648 A.2d at 1189.

An appellate court's standard of review when presented with a weight of the evidence claim is distinct from the standard of review applied by the trial court:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Brown, 648 A.2d at 1189. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. Commonwealth v. Farquharson, 354 A.2d 545 (Pa. 1976). One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Widmer, 744 A.2d at 753 (emphasis added).

Commonwealth v. Clay, 64 A.3d 1049, 1054-55 (Pa. 2013).

Section 3126 (a)(1) of the Pennsylvania Crimes Code defines indecent assault (without consent) as follows:

(a) Offense defined.--A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

(1) the person does so without the complainant's consent[.]

18 Pa.C.S.A. § 3126(a)(1).

Appellant does not dispute that he engaged in both oral and sexual intercourse with Victim. See N.T., 12/21/17, at 282-85; see also Appellant's Brief at 33. Instead, Appellant asserts that Victim's claim that she did not or could not consent to the sexual contact lacked credibility. The trial court rejected Appellant's weight claim, explaining that the jury determined that Victim's testimony was credible and that it is not the court's role to disturb the jury's credibility determinations. Trial Court Opinion, 9/5/19, at 10. Further, the trial court stated that based on the court's own review of the evidence, the verdict "does not shock one's sense of justice." Id.

As this Court has repeatedly explained, "the determination of the credibility of a witness is within the exclusive province of the jury." Commonwealth v. Izurieta, 171 A.3d 803, 809 (Pa. Super. 2017). As

- 8 -

Appellant raises no other arguments relating to his challenge to the weight of the evidence, we conclude that the trial court did not abuse its discretion in denying Appellant's weight claim.

With regard to his claim that he was entitled to judgment of acquittal, Appellant argues that the jury convicted him of indecent assault (without consent), but acquitted him on the charges of indecent assault (unconscious victim), aggravated indecent assault (without consent), and aggravated indecent assault (unconscious victim), which resulted in an inconsistent verdict. Appellant maintains that based on his acquittals, the Commonwealth never established that he lacked consent to engage in sexual contact with Victim and his conviction of indecent assault (without consent) has no logical basis.

We recognize:

"[I]nconsistent verdicts, while often perplexing, are not considered mistakes and do not constitute a basis for reversal." Commonwealth v. Petteway, 847 A.2d 713, 718 (Pa. Super. 2004) (citations omitted). Rather, "[t]he rationale for allowing inconsistent verdicts is that it is the jury's sole prerogative to decide on which counts to convict in order to provide a defendant with sufficient punishment." Commonwealth. v. Miller, 657 A.2d 946, 948 (Pa. Super. 1995) (citations omitted). "When an acquittal on one count in an indictment is inconsistent with a conviction on a second count, the court looks upon the acquittal as no more than the jury's assumption of a power which they had no right to exercise, but to which they were disposed through lenity. Thus, this Court will not disturb guilty verdicts on the basis of apparent inconsistencies as long as there is sufficient evidence to support the verdict." Petteway, supra.

Commonwealth v. Frisbie, 889 A.2d 1271, 1273 (Pa. Super. 2005) (citations modified); see also Commonwealth v. Miller, 35 A.3d 1206, 1208, 1213 (Pa. 2012) ("inconsistent verdicts . . . are allowed to stand so long as the evidence is sufficient to support the conviction"; "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal"; "the 'special weight' afforded the fact of an acquittal plays no role in the analysis of inconsistent verdicts, because, by definition, one of the verdicts will always be an acquittal").

There is no dispute that Appellant engaged in sexual contact with Victim. See N.T., 12/21/17, at 282-85; see also Appellant's Brief at 33. The only additional evidence Section 3126(a)(1) requires for conviction is evidence that Appellant did so without Victim's consent. See 18 Pa.C.S.A. § 3126(a)(1). Victim testified that Appellant engaged in sexual contact with her without her consent. See N.T., 12/20/17, at 70-71. Because there was sufficient evidence to sustain his indecent assault (without consent) conviction, Appellant's inconsistent verdict argument does not merit relief. See Miller, 35 A.3d at 1208, 1213.

The remainder of Appellant's issues raise various constitutional challenges to the most recent version of Pennsylvania's Sexual Offender Registration and Notification Act (SORNA). "Because [these] issue[s]

present[] a question of law, our standard of review is de novo and our scope of review is plenary." Commonwealth v. Horning, 193 A.3d 411, 414 (Pa. Super. 2018).

In his second issue, Appellant argues that his 15-year sex offender registration requirement is an illegal sentence because it constitutes criminal punishment and consequently, it extends his sentence beyond the lawful maximum sentence for indecent assault (without consent). This claim does not warrant relief.

"The Pennsylvania General Assembly passed [Pennsylvania's Sexual Offender Registration and Notification Act (SORNA)] as Act 111 of 2011, signed December 20, 2011. In so doing, it provided for the expiration of prior registration requirements, commonly referred to as Megan's Law, 42 Pa.C.S.A §§ 9791–9799.9, as of December 20, 2012, and for the effectiveness of SORNA on the same date." In re J.B., 107 A.3d 1, 3 (Pa. 2014). On July 19, 2017, the Pennsylvania Supreme Court issued its Opinion Announcing the Judgment of the Court in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), which found SORNA to be punitive in nature and held that retroactive application of the registration and reporting requirements of SORNA to criminal defendants violated the ex post facto clauses of the United States and Pennsylvania Constitutions. Id. at 1223; see also Commonwealth v. Wood, 208 A.3d 131, 138 (Pa. Super. 2019) (en banc) ("[A]pplication of SORNA to sexual offenders for offenses committed before its effective date

violates the ex post facto clauses of the United States and Pennsylvania Constitution.").

Following Muniz, the General Assembly passed legislation that attempted to cure the constitutional defects of SORNA. Regarding this legislation, we have explained:

> In response to our Supreme Court's decision in Muniz . . . , the Pennsylvania General Assembly passed Acts 10 and 29 of 2018 [(SORNA II)]. The express purpose of these legislative enactments was, inter alia, to "[p]rotect the safety and general welfare of the people of this Commonwealth by providing for registration, community notification and access to information regarding sexually violent predators and offenders who are about to be released from custody and will live in or near their neighborhood[,]" and to cure SORNA's constitutional defects by "address[ing] [Muniz]." See 42 Pa.C.S.A. § 9799.51(b)(1),(4).
>
> Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date of December 20, 2012. The General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date.

Commonwealth v. Bricker, 198 A.3d 371, 375-76 (Pa. Super. 2018).

In this case, the offense date for the actions underlying Appellant's indecent assault (without consent) conviction was September 5, 2016. Thus, the trial court appropriately ordered Appellant to register as a Tier I sex offender for 15 years under Subchapter H of SORNA II. See 42 Pa.C.S.A. §§ 9799.14(b)(6), 9799.15(a)(1).

- 12 -

Appellant's indecent assault (without consent) conviction was a second-degree misdemeanor for which the maximum sentence is two years. See 18 Pa.C.S.A. § 1104(2). As this Court has recently explained, and Appellant concedes, "a sentencing requirement for a defendant to register as a sexual offender for a period of time exceeding the lawful statutory maximum for his offense is not illegal." Commonwealth v. Martin, 205 A.3d 1247, 1250 (Pa. Super. 2019); Bricker, 198 A.3d at 376-77; see also Appellant's Brief at 55. The only difference between Martin and Bricker and the instant matter is that the appellants in Martin and Bricker were convicted of felonies, as opposed to a misdemeanor. As the analysis of those cases is dispositive here, we quote it in detail:

> With regard to Appellant's assertion that Muniz held SORNA's registration requirements constituted punishment, and, therefore, Subsection H cannot be imposed upon him as [it] exceeds the lawful statutory maximum for his offense which is seven (7) years, we observe that this Court recently held that SORNA's registration requirements are not governed by the statutory maximum sentences set forth in Chapter 11 of the Crimes Code. See Commonwealth v. Strafford, 194 A.3d 168, 172-73 (Pa. Super. 2018). Observing this issue appeared to be one of first impression post-Muniz, we reasoned as follows:
>
>> Appellant correctly observes that the Muniz Court found that the registration requirement mandated by SORNA is punitive. See Muniz, supra at 1218[.] We, thus, begin our analysis of Appellant's challenge with a review of various statutes and legal principles relating to punishments.
>>
>> Our Supreme Court has explained the well-settled principle that the General Assembly "has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix the punishment for all crimes. The legislature also has the sole power to classify crimes[.]" Commonwealth

- 13 -

v. Eisenberg, 98 A.3d 1268, 1283 ([Pa.] 2014) (citation and quotation omitted).

Our General Assembly has authorized courts to impose specific punishments when fashioning a sentence, and specified maximum terms and amounts of those punishments. These categories of punishment include (1) partial or total confinement, (2) probation, (3) state or county intermediate punishment, (4) a determination of guilt without further penalty, and (5) a fine. 42 Pa.C.S.A. § 9721.

With respect to the punishment of incarceration, 18 Pa.C.S.A. § 1103 governs the maximum authorized sentence of imprisonment for felony convictions. By a separate statute, these maximum allowable terms also apply to probationary sentences, a different category of punishment authorized by the General Assembly. In 42 Pa.C.S.A. § 9754(a), the legislature directed that "[i]n imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined, and the authority that shall conduct the supervision." Id. (emphasis added). Thus, the legislature explicitly connected the authorized punishments of incarceration and probation by statute.

However, most sentencing alternatives are not tied to the maximum authorized term of incarceration. For example, the legislature has authorized courts to include in sentences the requirement that a defendant pay a fine or restitution. These categories of punishment are not limited by the maximum period of incarceration; rather, the legislature set different maximum authorized amounts of punishment a court may impose as part of its sentence. See, e.g., 18 Pa.C.S.A. § 1101 (defining maximum fines); 18 Pa.C.S.A. § 1106 (providing statutory scheme for restitution for injuries to person or property).

In SORNA the legislature authorized courts to include periods of registration as part of a sentence. Similar to the treatment of the payment of fines or restitution, the legislature did not tie the period of registration to the length

of incarceration. See 42 Pa.C.S.A. § 9799.14 ("Sexual offenses and tier system"); 42 Pa.C.S.A. § 9799.15 ("Period of registration"). SORNA's registration provisions are not constrained by Section 1103. Rather, SORNA's registration requirements are an authorized punitive measure separate and apart from Appellant's term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

Martin, 205 A.3d at 1251-52 (Pa. Super. 2019) (quoting Bricker, 198 A.3d at 376-77).

It is well-settled that "[t]his Court is bound by existing precedent under the doctrine of stare decisis and continues to follow controlling precedent as long as the decision has not been overturned by our Supreme Court." Commonwealth v. Reed, 107 A.3d 137, 143 (Pa. Super. 2014). Based on our decisions in Martin and Bricker, we conclude that Appellant's fifteen-year registration requirement under SORNA II does not constitute an illegal sentence. Accordingly, Appellant's second issue fails.

In his third issue, Appellant argues that SORNA II's 15-year registration requirement is unconstitutional because it violates federal and state constitutional protections against cruel and unusual punishment. As Appellant readily concedes, this Court has rejected this claim and it does not entitle him to relief. Appellant's Brief at 64. In Commonwealth v. Prieto, 206 A.3d 529 (Pa. Super. 2019), this Court explicitly concluded that SORNA II's 15-year registration requirement for Tier I sex offenders "constitutes neither an illegal

sentence nor cruel and unusual punishment." Id. at 536. Accordingly, Appellant's third issue fails.

In his fourth issue, Appellant argues that SORNA II violates his federal and state due process rights because it creates an irrebuttable presumption relating to sex offenders' high risk of recidivism and impinges upon offenders' right to reputation. This claim lacks merit.

First, with respect to Appellant's claim that SORNA violates his due process rights under the Fifth and Fourteenth Amendments, we note that Appellant has, in fact, been able to challenge SORNA II's registration requirement in the trial court and before this Court. Second, Appellant cites to our Supreme Court's decision in J.B., supra, in support of his claim that SORNA II's 15-year registration requirement deprived him of due process by applying an irrebuttable presumption concerning his likelihood of recidivism, and impinges on his right to reputation. See id. at 2, 19-20 (holding that SORNA's lifetime registration requirement "violates juvenile offenders' due process rights through the use of an irrebuttable presumption[,]" where the presumption is not universally true and a reasonable alternative means exists for determining which juvenile offenders are likely to reoffend).

In Commonwealth v. Haines, 222 A.3d 756 (Pa. Super. 2019), we expanded the J.B. holding to apply to criminal defendants who committed their crimes as juveniles, but were convicted as adults. We explained:

> In [J.B.], our Supreme Court addressed the issue of whether the imposition of lifetime registration requirements pursuant to

SORNA on juvenile offenders adjudicated delinquent of certain crimes constituted a violation of juvenile offenders' due process rights through the use of an irrebuttable presumption – the risk of reoffending. Id. at 14. We recognize that J.B. was decided before Muniz, which clearly holds that application of SORNA to sex offenders who committed their crimes prior to SORNA's enactment constitutes an ex post facto violation. Muniz, 164 A.3d at 1223. The issue we now consider is whether J.B. applies to criminal defendants who committed their crimes as juveniles, but were convicted as adults. We hold that it does.

In J.B., the Supreme Court examined SORNA as applied to seven juveniles adjudicated delinquent for sexual offenses. Id. at 2-3. The consolidated cases arose from a determination by York County Court of Common Pleas Judge John C. Ulher that the SORNA registration requirements, as applied to juveniles, were unconstitutional. Id. at 10. In agreeing with the trial court's decision, our Supreme Court also reviewed and credited scientific research that concluded that, unlike adult sexual offenders, juveniles exhibit lower levels of recidivism, a fundamental underpinning to the registration requirements of SORNA.

Id. at 757-58.

Appellant fails to acknowledge that the Supreme Court's holding in J.B. and this Court's holding in Haines were limited to juvenile offenders subject to lifetime registration. See id. Moreover, we are unable to find any cases extending these holdings to adult offenders under either SORNA or SORNA II or to offenders who were not subject to lifetime registration. Therefore, we find Appellant's reliance on J.B. unavailing and his fourth issue does not entitle him to relief.

In his final issue, Appellant argues "that the sanctions of SORNA [II], and the classification imposed by [the] statute, without regard for individualized sentencing, amount to constitutionally impermissible

impingement of the legislature on the sentencing functions and power of the judiciary." Appellant's Brief at 77. Thus, Appellant contends that "this is an unconstitutional exercise of legislative power, invading and interfering with the independence of the judiciary in fulfilling its statutorily and constitutionally mandated duties." Id.

Appellant's separation of powers argument lacks merit. In Commonwealth v. Strafford, 194 A.3d 168 (Pa. Super. 2018), we observed the general principle that the General Assembly "has the exclusive power to pronounce which acts are crimes, to define crimes, and to fix punishment for all crimes." Id. at 172. We further explained:

> SORNA's registration requirements are an authorized punitive measure separate and apart from [a defendant]'s term of incarceration. The legislature did not limit the authority of a court to impose registration requirements only within the maximum allowable term of incarceration; in fact, the legislature mandated the opposite and required courts to impose registration requirements in excess of the maximum allowable term of incarceration.

Id. at 173.

In Commonwealth v. Rhoads, 836 A.2d 159 (Pa. Super. 2003), this Court held that Megan's Law II did not usurp the Supreme Court's authority under Article V of the Pennsylvania Constitution to prescribe general rules governing the practice, procedure, and conduct of the courts, because Megan's Law II was "substantive law and it does not set forth rules governing court practice or procedure." Id. at 163. Although Rhoads addressed the constitutionality of an earlier sex offender registration statute, Appellant fails

to explain how the rationale of Rhoads is not likewise applicable to SORNA. Appellant does not establish that SORNA exceeds the legislature's exclusive authority "to fix the punishment for all crimes," Strafford, 194 A.3d at 172, or that SORNA "deputize[s] judicial employees to perform duties more properly reserved to another of the co-equal branches of government." See Commonwealth v. Mockaitis, 834 A.2d 488, 500 (Pa. 2003). Accordingly, because we find no merit to this constitutional challenge, Appellant's final issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/22/2020